24-3137
*Matthew v. JPMorgan Chase Bank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-six.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

TRACEY MATTHEW,

     *Plaintiff-Appellant,*

     v.                   24-3137

JPMORGAN CHASE BANK, N.A., JOHN WOLF, ANNA KANG,

     *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:     STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, New York.

| FOR DEFENDANT-APPELLEE JPMORGAN CHASE BANK, N.A.: | SHIRA M. BLANK (Jeremy M. Brown, *on the brief*), Epstein Becker & Green, P.C., Newark, New Jersey. |
|---|---|
| FOR DEFENDANT-APPELLEE JOHN WOLF: | No Appearance. |
| FOR DEFNDANT-APPELLEE ANNA KANG: | No Appearance. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment, entered on October 29, 2024, is **AFFIRMED**.

Plaintiff-Appellant Tracy Matthew appeals from the district court's judgment dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), her claim against Defendant-Appellee JPMorgan Chase Bank, N.A. ("Chase") for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Matthew is a Trinidadian woman who was employed as a branch manager of a Chase bank in Brooklyn, New York, until her termination in 2013.[1] In her amended complaint, Matthew alleged, *inter alia*, that, although she was told that she was being terminated because of "unsatisfactory performance and lack of leadership," those reasons were pretext for national origin discrimination. Joint App'x at 29. To support that

---

[1] Matthew asserted other claims in the amended complaint, some of which survived the motion to dismiss, but the district court subsequently granted summary judgment to Chase on the remaining claims. *See generally Matthew v. JP Morgan Chase Bank, N.A.*, No. 17-CV-3594, 2024 WL 4606816 (E.D.N.Y. Oct. 28, 2024). Although Matthew's notice of appeal states that she is also appealing both the district court's order granting the motion to dismiss in part and the order granting summary judgment on the remaining claims, her brief addresses only the dismissal of her Title VII claim for discrimination based on national origin, and therefore we deem any other challenges to the district court's orders to be abandoned. *See Tarpon Bay Partners v. Zerez Holdings Corp.*, 79 F.4th 206, 232 n.25 (2d Cir. 2023).

discrimination claim, Matthew alleged that her supervisor, district manager John Wolf, "complained that he couldn't understand anything [Matthew] was saying because of [her] accent," but that her other supervisors did not have similar complaints. *Id*. The district court (Roslynn R. Mauskopf, *Judge*)[2] granted Chase's motion to dismiss the discrimination claim with prejudice under Rule 12(b)(6), concluding that the allegations in the amended complaint were insufficient to state a plausible claim for discrimination based on national origin. *See Matthew v. JP Morgan Chase Bank, N.A.*, No. 17-CV-3594, 2020 WL 2523064, at *4–5 (E.D.N.Y. May 18, 2020). In reaching that determination, the district court noted that, even if it allowed Matthew to incorporate the additional allegations that were contained in an affidavit she submitted in opposition to the motion to dismiss, the allegations would still be insufficient to state a plausible claim. *Id*. at *5; *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion."). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* the district court's dismissal of a complaint under Rule 12(b)(6). *See Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025). A complaint survives a Rule 12(b)(6) motion to dismiss if it alleges sufficient facts that, when taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim. *See MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). Because Matthew was

---

[2] Although initially assigned to Judge Mauskopf, the case was transferred to Judge DeArcy Hall on July 6, 2021.

unrepresented at the time she filed her amended complaint, we will construe her pleadings liberally and interpret them to raise the strongest claims they suggest. *See Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). However, "a *pro se* complaint must state a plausible claim for relief." *Id.*

Under Title VII, it is unlawful for employers to, *inter alia*, "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[F]or a discrimination claim to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (alterations adopted) (internal quotation marks and citation omitted). To establish an inference of discriminatory intent, a plaintiff can point to circumstances such as "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (internal quotation marks and citation omitted).

Here, Matthew sufficiently alleged that she is a member of a protected class, that she was qualified for her position, and that she suffered an adverse employment action in the form of her termination. However, she must also plausibly allege that she was terminated *because of* her

4

protected characteristic, *i.e.*, her national origin. *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam). With respect to discriminatory intent, the relevant allegations in the amended complaint are as follows:

> I believe I was treated differently because of my . . . national origin due to the way in which John Wolf spoke to me and complained that he couldn't understand anything I was saying because of my accent. None of my other supervisors complained about not being able to understand me and they do not share the same national origin as myself.

Joint App'x at 29. The additional allegations that Matthew submitted in her affidavit in response to Chase's motion to dismiss stated, in relevant part, that Wolf "informed [her], in nearly every single conversation that [they] had, both in person and over the phone, that he could not understand [Matthew] because of [her] Trinidadian accent," and that "Wolf expressed clear anger and annoyance to [Matthew] that [she] spoke with an accent." *Id*. at 488.

We agree with the district court that the allegations in the amended complaint and affidavit are insufficient to state a plausible claim that her termination was based on national origin. While mistreatment related to accents can have "a nexus to" national-origin discrimination, *Zheng-Smith v. Nassau Health Care Corp.*, No. 20-3544-CV, 2021 WL 4097316, at *3 (2d Cir. Sept. 9, 2021) (summary order), allegations concerning the former must still "allow the court to draw the reasonable inference that" the alleged mistreatment was motivated by invidious discrimination, *Buon*, 65 F.4th at 76 (internal alteration adopted). Construed liberally, the allegations here suggest, at best, that Wolf had difficulty understanding Matthew because of her accent on multiple occasions and was consequently angry or annoyed at Matthew due to that difficulty. As the district court noted, she does not allege that he mimicked or mocked her or that he used derogatory words or phrases during these conversations. Nor has Matthew

5

"demonstrate[d] circumstances giving rise to an inference of discrimination by alleging that [s]he was treated less favorably than similarly situated employees." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014). Indeed, her opposition mentioned two occasions where her practice deviated from Chase's policies, both of which resulted in written warnings admonishing that unrectified issues might lead to termination,[3] but her supervisors, including Wolf, did not invoke that option. In short, the district court correctly dismissed the claim because "Matthew's allegations alone are insufficient to support the inference that Wolf harbored any animus on account of Matthew's national origin, much less that he decided to terminate Matthew because of her national origin."[4] *Matthew*, 2020 WL 2523064, at \*5; *see also Ghose v. Century 21, Inc.*, 12 F. App'x 52, 54 (2d Cir. 2001) (finding no "inference of discriminatory intent" where, *inter alia*, plaintiff "assert[ed] he was mistreated because of his accent, but the evidence on which he relies indicates only that his coworkers and supervisors asked him to repeat himself because they

---

[3] The written warnings are not attached to Matthew's amended complaint or her opposition, but are "incorporated in the [opposition] by reference" and hence properly considered on a Rule 12(b)(6) motion. *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).

[4] To the extent Matthew also suggests that she plausibly alleged a hostile work environment, we are similarly unpersuaded. "To prove a hostile work environment claim under Title VII, a plaintiff must establish that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Legg v. Ulster Cnty.*, 979 F.3d 101, 114 (2d Cir. 2020) (internal quotation marks and citation omitted). "[M]istreatment at work . . . is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic"—here, national origin. *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). As noted above, the allegations about the complaints by Wolf about Matthew's accent do not alone provide a plausible inference of ridicule or insult by Wolf based on her national origin and, in any event, the complaint and affidavit fail to plausibly allege that Wolf's conduct was "sufficiently severe or pervasive" to amount to a hostile work environment, or that the workplace was so "permeated with discriminatory intimidation, ridicule, and insult . . . to [thereby] alter the conditions of the victim's employment." *Legg*, 979 F.3d at 114 (internal quotation marks and citation omitted).

could not understand him").

\*         \*         \*

We have considered Matthew's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court